# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HEINRICH CARL MEYER, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-705** |
| **CHAD WOLF, ET AL.,**<br>    **Defendants** | **SECTION: "E"** |

## TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiffs' Motion for a Temporary Restraining Order.[1] Plaintiffs seek a temporary restraining order prohibiting the Department of Homeland Security (DHS) and DHS Secretary Chad Wolf from revoking the P–1 visa of Plaintiff Heinrich Carl Meyer until further hearings on this matter can be accomplished.

There are four pre-requisites for granting a temporary restraining order (TRO):

> (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the injunction will not disserve the public interest.[2]

The movant bears the burden of satisfying these prerequisites.[3] The grant or denial of a temporary restraining order rests in the discretion of the trial court.[4]

Plaintiffs, as movants, have demonstrated all four prerequisites are present in this case. First, "[t]he importance of th[e likelihood of success] requirement varies with the relative balance of threatened hardships facing each of the parties."[5] In this case, the

---

[1] R. Doc. 2.
[2] *Liggins v. King*, No. CIV.A. 208CV227KSMTP, 2008 WL 4937820, at *1 (S.D. Miss. Nov. 14, 2008) (citing *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).
[3] *Id.* (citing *Canal Auth. of State of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir. 1974)).
[4] *Id. (citing Canal Auth. of State of Florida*, 489 F.2d at 572 (5th Cir. 1974)).
[5] *Canal Auth. of State of Fla.*, 489 F.2d at 576.

1

balance of threatened hardships greatly favors Plaintiffs. Meyer is currently scheduled to play for NOLA Gold in a professional rugby game on February 29, 2020,[6] and should he not play in the game because he lacks his P–1 visa, the game will be materially and irrevocably altered. Plaintiffs' counsel represents this alteration could have lasting detrimental effects on Meyer's team because the team has a limited number of players, Meyer is an integral part of the team and a key to its chances of success, and because a loss will have an irreversible impact on the team's ability to participate in the playoffs.[7] Plaintiffs face irreparable harm if Meyer is not allowed to play in the February 29th game while Defendants face no harm by waiting to revoke Meyer's visa until the hearing on the preliminary injunction is held. Because the Court finds the balance of threatened hardships greatly favors Plaintiffs, Plaintiffs must only raise serious questions regarding the validity of the DHS's revocation to satisfy the "likelihood of success on the merits" requirement.[8] Plaintiffs have raised serious questions regarding the validity of the DHS's revocation by showing that, contrary to the requirements of 8 C.F.R. § 214.2, the DHS revoked Meyer's P–1 visa without giving Meyer pre-revocation notice of its intentions.[9] Granting this injunction will not disserve the public interest.

    Accordingly,

---

[6] R. Doc. 2-2 ¶ 4.
[7] R. Doc. 2-1, at 3.
[8] *Canal Auth. of State of Fla.*, 489 F.2d at 576; *see also All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017).
[9] R. Doc. 2-2 ¶¶ 2–3 (stating Meyer did not receive any pre-revocation notice of the DHS's intent to revoke his Visa). 8 CFR 214.2 (o)(8)(iii) requires the DHS "shall send to the petitioner a notice of intent to revoke the petition" that "shall contain a detailed statement of the grounds for the revocation and the time period allowed for the petitioner's rebuttal.").

**IT IS ORDERED** that the Department of Homeland Security and DHS Secretary Chad Wolf are hereby **RESTRAINED AND ENJOINED** from revoking the P–1 visa of Plaintiff Heinrich Carl Meyer.

**IT IS FURTHER ORDERED** that this temporary restraining order will expire at the conclusion of a preliminary injunction hearing scheduled to take place on March 3, 2020, at 4:00 p.m in the **Courtroom of Section "E"** located on the third floor, Room C-316, of 500 Poydras Street, New Orleans, Louisiana. Counsel for the parties are ordered to appear.

**IT IS FURTHER ORDERED** that Plaintiffs shall post security in the amount of $100.

**New Orleans, Louisiana on this 29th day of February, 2020, at 11:40 a.m.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**
